IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 7:12-CR-005-O (32) |
| | § | |
| CHANCE TERRELL DOTSON (32) | § | |

## PLEA AGREEMENT

Chance Terrell Dotson, the defendant, Andrew Ottaway, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Dotson understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Dotson waives these rights and pleads guilty to the offense alleged in Count One of the third superseding indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with intent to manufacture and to manufacture a Schedule II controlled substance, namely, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  Dotson

U.S. v. Chance Terrell Dotson
Plea Agreement - Page 1

understands the nature and elements of the crime to which he is pleading guilty and

agrees that the factual resume he has signed is true and will be submitted as evidence.

3.      **Sentence**:  The minimum and maximum penalties the Court can impose

include:

a.      imprisonment for a period of not less than five nor more than forty
        years;

b.      a fine not to exceed $5,000,000, or twice any pecuniary gain to the
        defendant or loss to the victim(s);

c.      a term of supervised release of not less than four years, which is
        mandatory under the law and will follow any term of imprisonment.
        If Dotson violates the conditions of supervised release, he could be
        imprisoned for the entire term of supervised release;

d.      a mandatory special assessment of $100;

e.      restitution to victims or to the community, which is mandatory under
        the law and which Dotson agrees may include restitution arising
        from all relevant conduct, not limited to that arising from the offense
        of conviction alone;

f.      costs of incarceration and supervision; and

g.      forfeiture of property.

4.      **Possible immigration consequences**:  Dotson recognizes that pleading

guilty may have consequences with respect to his immigration status if he is not a citizen

of the United States.  Under federal law, a broad range of crimes are removable offenses,

including the offense to which Dotson is pleading guilty.  Removal and other immigration

consequences are the subject of a separate proceeding, however, and Dotson understands

**U.S. v. Chance Terrell Dotson**
**Plea Agreement - Page 2**

that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Dotson nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

5.  **Court's sentencing discretion and role of the Guidelines**: Dotson understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("Guidelines"). The Guidelines are not binding on the Court but are advisory only. Dotson has reviewed the Guidelines with his attorney but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case. Dotson fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.  **Defendant's agreement**: Dotson shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Dotson shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Dotson expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Dotson fully understands that any financial obligation imposed by the court, including a restitution order and/or the

implementation of a fine, is due and payable immediately. In the event the Court imposes

a schedule for payment of restitution, Dotson agrees that such a schedule represents a

minimum payment obligation and does not preclude the U.S. Attorney's Office from

pursuing any other means by which to satisfy defendant's full and immediately

enforceable financial obligation. Dotson understands that he has a continuing obligation

to pay in full as soon as possible any financial obligation imposed by the court.

7.      **Forfeiture of property:**  Dotson agrees not to contest, challenge, or appeal

in any way the administrative or judicial (civil or criminal) forfeiture to the United States

of any property noted as subject to forfeiture in the indictment and any bills of particulars,

or seized or restrained by law enforcement officers during the investigation related to this

criminal cause. Dotson consents to entry of any orders or declarations of forfeiture

regarding all such property and waives any requirements (including notice of forfeiture)

set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Dotson

agrees to provide truthful information and evidence necessary for the government to

forfeit such property. Dotson agrees to hold the government, its officers, agents, and

employees harmless from any claims whatsoever in connection with the seizure,

forfeiture, storage, or disposal of such property.

8.      **Government's agreement**: The government will not bring any additional

charges against Dotson based upon the conduct underlying and related to his plea of

guilty.  The government will dismiss, after sentencing, any remaining charges in the

pending indictment.  The government will file a Supplement in this case, as is routinely

done in every case, even though there may or may not be any additional terms.  This

agreement is limited to the United States Attorney's Office for the Northern District of

Texas and does not bind any other federal, state, or local prosecuting authorities, nor does

it prohibit any civil or administrative proceeding against Dotson or any property.

9.      **Violation of agreement**:  Dotson understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

will be free from any obligations of the agreement and free to prosecute Dotson for all

offenses of which it has knowledge.  In such event, Dotson waives any objections based

upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Dotson also waives objection to the use against him of any

information or statements he has provided to the government and any resulting leads.

10.      **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is

not the result of force or threats, or of promises apart from those set forth in this plea

agreement.

11.      **Waiver of right to appeal or otherwise challenge sentence**:  Dotson

waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from

his conviction and sentence.  He further waives his right to contest his conviction and

sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255.  Dotson, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.    **Representation of counsel**:  Dotson has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Dotson has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Dotson has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[nothing further on this page]

13.    **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 15 day of August , 2013.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
CHANCE TERRELL DOTSON
Defendant

_____
ANDREW OTTAWAY
Attorney for Defendant

_____
MARY F. WALTERS
Assistant United States Attorney
Texas Bar No. 24003138
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8685
Fax:  214.659.8803
Email:  mary.walters@usdoj.gov

_____
RICK CALVERT
Deputy Criminal Chief

**U.S. v. Chance Terrell Dotson**
**Plea Agreement - Page 7**

## CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          8-15-2013
CHANCE TERRELL DOTSON                     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          8/15/13
ANDREW OTTAWAY                            Date
Attorney for Defendant